UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EYE KEYLA M. CARRUTHERS WASHINGTON a/k/a ANTWAN M. CARRUTHERS,<br><br>Plaintiff,<br><br>v.<br><br>PROSECUTOR ATTORNEY, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-622-JD-MGG |

OPINION AND ORDER

Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against the Prosecutor Attorney, Deputy Prosecuting Attorney Jacob E. Hawkins, and St. Joseph County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mrs. Washington alleges that, on May 9, 2022, Deputy Prosecuting Attorney Hawkins discriminated against her, defamed her, and violated her rights as a transgender person when he prepared a disrespectful probable cause affidavit in which

he referred to her as Antwan Carruthers and used male gender pronouns. ECF 1 at 2-4; ECF 1-1 at 1-3. She asserts that Deputy Prosecuting Attorney Hawkins prepared the affidavit after reviewing the factual evidence in this case and disregarded her civil rights as a transgender icon. ECF 1 at 2. Mrs. Washington avers the probable cause affidavit constitutes evidence of a hate crime. *Id.* at 3. She requests that the court order Deputy Prosecuting Attorney Hawkins to correct the affidavit using her female name or female pronouns and pay her three million dollars in punitive damages for the emotional distress he has caused her. ECF 1-1 at 1. Furthermore, Mrs. Washington appears to have sued the Prosecutor Attorney and St. Joseph County Jail for defaming her and harming her transgender name. ECF 1-1 at 2.

Under 42 U.S.C. § 1983, Mrs. Washington cannot sue the defendants she has named in her complaint. With respect to the Prosecutor Attorney and Deputy Prosecuting Attorney Hawkins, they are immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003).

While unclear from her complaint, Mrs. Washington may also be attempting to proceed against the St. Joseph County Prosecutor's Office. However, the St. Joseph County Prosecutor's Office is an arm of the state and therefore entitled to immunity. *See Srivastava v. Newman*, 12 Fed. Appx. 369 (7th Cir. 2001) (noting that "[a]lthough no

Indiana state courts have decided the issue, district courts sitting in Indiana have held that, under Indiana law, prosecutors are state officials when prosecuting criminal cases" and agreeing with the conclusion of the district courts); *see also Hendricks v. New Albany Police Dep't*, No. 4:08-CV-0180-TWP-WGH, 2010 WL 4025633, at *3 (S.D. Ind. Oct. 13, 2010) ("[S]uing the Prosecutor's Office—a state agency—is akin to suing the State of Indiana itself. Thus, the doctrine of sovereign immunity precludes Plaintiff's suit.").

Lastly, Mrs. Washington has sued the St. Joseph County Jail. However, she may not proceed against the St. Joseph County Jail because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on August 15, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT

3